WILLIAM D. WRIGHT, Jr., v. GULF, C. & S. F. RY. CO. (No. 9011.)

Court of Civil Appeals of Texas. Galveston. June 16, 1927.

Rehearing Denied July 6, 1927.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Roy Johnson, of Galveston, for appellant.
Terry, Cavin & Mills, of Galveston, for appellee.

LANE, J. This suit was brought by William D. Wright, Jr., against the Gulf, Colorado & Santa Fé Railway Company to recover damages for personal injuries suffered by him which he alleged was caused by reason of the negligence of said railway company.

For cause of action the plaintiff alleged that at the time of his injury he was 18 years of age; that he was in the employ of the railway company; and that in the course of his duties as such employee he was instructed by the foreman in charge of the work being performed to go to the storeroom of the company, get from the storekeeper thereof a piece of No. 16 copper wire, and to straighten the same and bring it to said foreman so that it might be used in the performance of the work being done; that the storekeeper gave him a piece of wire 5 or 6 feet in length which was bent and curled, and that when he tried to straighten it, as he had been directed to do, one end thereof recoiled and struck him in his right eye and as a result thereof he lost the vision and use of his eye, to his total damage in the sum of $20,000. He further alleged that prior to the time of his injury he had never handled No. 16 gauge copper wire and did not know that same would recoil; that the failure of the defendant, its agents and servants, to inform him that such wire would recoil, was negligence and the proximate cause of his injury. He further alleged as follows:

"That plaintiff is informed and verily believes that the wire which he had been instructed to get and which was delivered to him by the storekeeper of the defendant was not in fact '16 gauge' copper wire, but was wire of another and different metal; that had the same been 'copper' wire same would not have recoiled and would not have struck the plaintiff in his eye and injured him, and that the failure of the storekeeper of the defendant to give the plaintiff 'copper' wire, was negligence, and that said negligence was the proximate cause of the injuries and damages by plaintiff sustained."

The railway company answered by general demurrer, general denial, by averments that at the time plaintiff was injured he was engaged by it in assisting its other employees in repairing one of its engines used in interstate commerce, and that at such time plaintiff was engaged in interstate commerce; that he was an experienced employee and had on various occasions before his injury handled 16 gauge copper wire and was familiar with the quality of such wire and the fact as to whether or not it would recoil; that he knew the dangers incident to handling such wire, if any; and that in accepting the employment and continuing therein he assumed the risks usually incident to the work being performed by him. It also pleaded contributory negligence and inevitable accident.

The parties agreed at the time the plaintiff was injured that he was engaged in interstate commerce.

The cause was submitted to a jury upon special issues, in answer to which they found: First, that the piece of wire which struck the plaintiff in the eye was copper wire. Second, that the plaintiff attempted to straighten the piece of wire delivered to him before handing the same to Mr. Young, the foreman. Third, that in attempting to straighten said wire before delivering the same to Mr. Young, he was acting within the ordinary course of his employment. Fourth, that the injury sustained by the plaintiff was the result of the ordinary risks of his employment. Fifth, that plaintiff by reason of his injury suffered damages in the sum of $6,000. Sixth, that the plaintiff was not guilty of contributory negligence in receiving the wire from the storekeeper or in handling it afterward.

The verdict of the jury was returned into court on the 31st day of October, 1924. On the 18th day of November, 1924, counsel for the plaintiff filed his motion asking the court to refuse the rendition of a judgment in favor of defendant upon the verdict of the jury and order a mistrial, in that the answers of the jury to the several issues submitted were inconsistent to such extent as to confuse the court and thereby

make it impossible for it to ascertain for whom judgment should be rendered, and in that no legal nor correct judgment could be rendered upon said verdict.

The court granted the motion on the 20th day of November, 1924. Whereupon the Supreme Court, upon application of the defendant for a writ of mandamus to compel the rendition and entry of a judgment in its favor upon the verdict of the jury, granted such writ on June 16, 1926, and ordered the trial court to render and enter such judgment.

On the 17th day of July, 1926, the trial court, in obedience to the order of the Supreme Court, rendered judgment upon said verdict for the defendant.

On said 17th day of July, after the rendition of said judgment, the plaintiff filed his motion asking that the judgment be set aside and a new trial be ordered, upon the alleged grounds of improper conduct upon the part of the trial jury in arriving at its verdict.

The motion for new trial was promptly overruled. The plaintiff has appealed, and here insists that the trial court erred in overruling his motion for new trial.

We have carefully examined the motion and the evidence relied upon in its support, and have reached the conclusion that even if the testimony of the jurors, taken upon the motion for a mistrial in October, 1924, which was transcribed and attached to the motion for new trial filed in July, 1926, could be properly considered by the trial court as evidence adduced to support the later motion, we are not prepared to hold that the court abused his discretion in refusing the motion, but, to the contrary, we think the action of the court in the matter was amply justified.

The judgment is affirmed.

Affirmed.